| | |
|---|---|
| **LOKER LAW, APC**<br>Matthew M. Loker, Esq. (279939)<br>matt@loker.law<br>1303 East Grand Avenue, Suite 101<br>Arroyo Grande, CA 93420<br>Telephone: (805) 994-0177<br>Facsimile: (805) 994-0197 | **LAW OFFICE OF ALBERT R. LIMBERG**<br>Albert R. Limberg, Esq. (211110)<br>alimberg@limberglawoffice.com<br>3667 Voltaire Street<br>San Diego, CA 92106<br>Telephone: (619) 344-8667<br>Facsimile: (619) 344-8657 |

*Attorney for Plaintiff,*
Emmanuel Beaty

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL BEATY,<br><br>   Plaintiff,<br><br>   v.<br><br>CAPITAL LINK MANAGEMENT, LLC,<br><br>   Defendant. | Case No.: '22CV250 L BGS<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.   **FAIR DEBT COLLECTION PRACTICES ACTION, 15 U.S.C. § 1692, ET SEQ.; AND,**<br><br>II.  **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. EMMANUEL BEATY ("Plaintiff") brings this resulting from the illegal actions of Defendant CAPITAL LINK MANAGEMENT, LLC ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by the Plaintiff, in violation of the California State debt collection laws.

4. Plaintiff alleges as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigations conducted by their attorneys.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692; and, 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); and, (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA").

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

13. Plaintiff is a natural person who resides in the County of San Diego, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and, a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

14. Plaintiff is informed and believe, and thereon allege, that Defendant is a corporation headquartered in the State of New York.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c); and, 15 U.S.C. § 1692a(6).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by 15 U.S.C. § 1692a(5); and Cal. Civ. Code § 1788.2(f);

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff is an individual residing within the State of California and within this judicial district.

18. At all times relevant, Defendant conducted business in the State of California.

19. Sometime prior to February 2021, Plaintiff allegedly incurred financial obligations to the original creditor, Cash Central.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

20. These alleged finance obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S.C. § 1692a(5) and California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of the alleged debt.

22. Thereafter, Defendant allegedly purchased, or was assigned, the right to collect the alleged debt.

23. On February 26, 2021, Defendant sent Plaintiff a text message in connection with its efforts to collect the debt.

24. Defendant's February 26, 2021 text message stated the following:

> EMMANUEL BEATY Your CASHCENTRAL account was transferred to Capital Link Management. Balance outstanding is $314.98. Our client is willing to repair your credit with a monthly payment plan, or settle for a one time payment of $157.49. Please call to repair your credit, 1-833-755-8393. To option out reply STOP.

25. This text constitutes "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).
26. On information and belief, Defendant's February 26, 2021 text message was the initial written communication from Defendant.
27. Defendant's text message contained numerous false, deceptive and/or misleading statements in violation of the FDCPA and the RFDCPA.
28. This text message failed to inform Plaintiff of his dispute rights regarding the debt and Plaintiff's ability to demand substantiating information about the debt from Defendant.
29. The purpose of 15 U.S.C. § 1692g is to ensure that consumers are made aware of their rights with respect to debt collection activities.
30. Defendant's text message thus conceals the protections offered by 15 U.S.C. § 1692g to the detriment of consumers in violation of § 1692g. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.
31. Moreover, Plaintiff is unable to determine which debt Defendant is seeking to recover from Plaintiff due to this absence of information.
32. Plaintiff is thus unable to make an informed decision regarding Defendant's collection efforts.
33. On information and belief, the debt sought by Defendant was incurred outside the temporal restrictions upon reporting information to the credit bureaus.
34. Plaintiff also alleges on information and belief that Defendant was not reporting the debt to his credit report on February 26, 2021.
35. On information and belief, the purported original creditor was also not reporting any debts to Plaintiff's credit report on February 26, 2021.

36. As such, Defendant's statement that it could "repair" Plaintiff's credit constitutes a deceptive and misleading attempt to wrench payment out of Plaintiff under the false impression that such a payment will positively impact his credit score.

37. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

38. Through this conduct, Defendant violated 15 U.S.C. § 1692g by failing to include the proper debt verification procedures. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

39. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debts. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

40. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of Plaintiff's alleged debt as one that was subject to credit reporting. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

41. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

42. Through this conduct, Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose in the initial written communication that Defendant was attempting to collect a debt and information would be used for that purpose. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

43. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(P) (FDCPA)

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

46. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

### COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint

as though fully stated herein.

48. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

49. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff pray that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- Any and all other relief that this Court deems just and proper.

# TRIAL BY JURY

50. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Dated: February 23, 2022                               Respectfully submitted,

**LOKER LAW, APC**

By:  ___/s/ Matthew M. Loker___
      MATTHEW M. LOKER, ESQ.
      ATTORNEY FOR PLAINTIFF